ERNEST C. KEPPLER, Chairman, Senate Organization Committee
The committee on senate organization has requested my opinion whether the Industry, Labor and Human Relations Commission has authority to unilaterally reorganize the internal structure of the department it heads by merging the Equal Rights Division and Labor Standards Division into a new division to be called "Division of Equal Rights and Standards."
I am of the opinion that the commission is without such authority.
You second question is whether the commission has authority to carry out other proposed reorganization involving other divisions later this year.
Your inquiry does not set forth the details of the other proposed reorganization and a specific answer cannot be given. However, whereas administrative agencies possess only such powers as are expressly granted by statute or necessarily implied, the legislature has granted departments within the executive branch considerable latitude with respect to internal organization and allocation of functions. *Page 307 
Chapter 75, Laws of 1967, the Kellett Reorganization Act, did not have the effect of freezing the organization of the various departments. Section 15.001 (3), Stats., as created by ch. 75, Laws of 1967, establishes the goals, and provides that "Structural reorganization should be a continuing process through careful executive and legislative appraisal of the placement of proposed new programs and the co-ordination of existing programs in response to changing emphasis or public needs. * * *" (Emphasis added)
Matters of reorganization, however, are not solely within the discretion of the department head. There must be a reasonable basis for change, approval of the Governor must be secured, change cannot be made where the statutes expressly prohibit it or where specific statute requires a given organization, and reorganization must be accomplished in compliance with civil service requirements. Reorganizations involve more than departments, department heads and departmental functions and duties. Positions in the civil service, classified and unclassified, and employes and rights of employes are involved. New positions may be created which would require ascertainment of duties and classification under sec. 16.07, Stats., created by ch. 270, Laws of 1971, which amended and renumbered former sec. 16.105, Stats. Also see Rule, Pers 2, Wis. Adm. Code, relating to classification plan and Rule, Pers 3, as to action required by the appointing officer, director of the Bureau of Personnel and State Personnel Board as to establishing, abolishing, discontinuing, allocating or reallocating positions. Also see secs. 16.23 (1) and 16.25, Stats., as to transfer, restoration of employment and reinstatement rights, and sec.16.28, Stats., as to layoffs, removals or reductions, all as renumbered or created by ch. 270, Laws of 1971. In addition, budgetary provisions must be complied with. Money or property appropriated for a specific use cannot be diverted contrary to sec. 20.903, Stats.
The broad powers delegated to departments are set forth in sec.15.02 (3) (4), Stats., which, as amended by ch. 261, Laws of 1971, provide: *Page 308 
"(3) INTERNAL STRUCTURE. (a) The secretary of each department may, subject to sub. (4), establish the internal structure within the office of secretary so as to best suit the purposes of his department.
"(b) For field operations, departments may establish district or area offices which may cut across divisional lines of responsibility.
"(c) For their internal structure, all departments shall adhere to the following standard terms, and independent agencies are encouraged to review their internal structure and to adhere as much as possible to the following standard terms:
"1. The principal subunit of the department is the `division.' Each division shall be headed by an `administrator.'
"2. The principal subunit of the division is the `bureau.' Each bureau shall be headed by a `director.'
"3. If further subdivision is necessary, bureaus may be divided into subunits which shall be known as `sections' and which shall be headed by `chiefs' and sections may be divided into subunits which shall be known as `units' and which shall be headed by `supervisors.'
"(4) INTERNAL ORGANIZATION AND ALLOCATION OF FUNCTIONS. The head of each department or independent agency shall, subject to the approval of the governor or, where applicable, the coordinating council for higher education, establish the internal organization of the department or independent agency and allocateand reallocate duties and functions not assigned by law to an officer or any subunit of the department or independent agency to promote economic and efficient administration and operation of the department or independent agency. The head may delegate and redelegate to any officer or employe of the department or independent agency any function vested by law in the head." (Emphasis added.)
I am of the opinion that both subsections (3) and (4) are applicable to the Department of Industry, Labor and Human Relations, even though (3) uses the word "secretary." See secs.15.01 (1) (2) (3) (4), 15.02 (2), 15.04 (1), Stats. Although sec.15.06 (4), Stats., vests administrative duties of each commission *Page 309 
in the chairman, it provides that they are "to be administered by him under the statutes and rules of the commission and subject to the policies established by the commission." By reason of sec.15.01 (3), the commission is the head of the department. A matter of reorganization would involve policy to be determined by the commission.
In 57 OAG 91 (1968), it was stated that the Board of Health and Social Services was without power to establish a division on aging within the department where the legislature by ch. 327, Laws of 1967, had expressly created a division on aging "which isattached to the Department of Health and Social Services under s.15.03."
The negative answer to your first question is grounded on the limitations set forth in sec. 15.02 (4), Stats., and the provisions of sec. 15.03, Stats., which provides:
"15.03 Attachment for limited purposes. Any division, commission or board attached under this section to a department
or independent agency or a specified division thereof shall be adistinct unit of that department, independent agency or specified division. Any division, commission or board so attached shallexercise its powers, duties and functions prescribed by law, including rule-making, licensing and regulation, and operational planning within the area of program responsibility of the division, commission or board, independently of the head of thedepartment or independent agency, but budgeting, program coordination and related management functions shall be performed under the direction and supervision of the head of the department or independent agency." (Emphasis added.)
Section 15.04, Stats., provides in part:
"15.04 Heads of departments and independent agencies; powersand duties. Each head of a department or independent agency shall:
"(1) SUPERVISION. Except as provided in s. 15.03, plan, direct, co-ordinate and execute the functions vested in his department or independent agency." *Page 310 
The limitations provided in sec. 15.03, Stats., created by ch. 327, Laws of 1967, which implemented the Kellett Act, are similar to those which applied to a Type 1 transfer under ch. 75, Laws of 1967, which amounted to attachment for limited purposes.
A Type 3 transfer, on the other hand, resulted in the merging of an existing agency, its activity or program, into a department.
Section 101.60 (3), Stats. 1965, of the equal opportunities law and sec. 16.765 (3) (5) (6) (10), Stats. 1965, of the nondiscriminatory contracts law, referred to the Equal Opportunities Division of the Industrial Commission. I do not find that such division was expressly created by statute. However, it was a division which was recognized by both the legislature and the commission.
Section 21 of ch. 75, Laws of 1967, renamed the Industrial Commission to the Department of Industry, Labor and Human Relations and placed it under the direction of the renamed commission. Section 21 (2) provided that the agency known as the Governor's Commission on Human Rights, under then sec. 15.85, Stats., was assigned a Type 1 transfer to become the newly created Division of Equal Rights in the department and sec. 21 (2) (b) provided that the Equal Opportunities Division, under then sec. 101.60, Stats., was assigned a Type 3 transfer to theEqual Rights Division and not to the Department of Industry, Labor and Human Relations. Whereas the Industrial Commission previously had full control, subject to statutory direction, of the program and activities of the Equal Opportunities Division, that responsibility, insofar as duties under sec. 101.60, Stats., only are concerned, was transferred to the newly created Equal Rights Division which was attached to the department for limited purposes subject to the provisions of present sec. 15.03, Stats. Section 21 (2) (b), ch. 75, Laws of 1967, then renamed the Governor's Commission on Human Rights, the Equal Rights Council, and since 21 (2), had already transferred all of its former functions to the newly created Division of Equal Rights, provided that the Equal Rights Council should retain or assume public educating matters relating to equal rights, responsibilities of the Fair Employment Advisory Committee under sec. 111.34, Stats., and of the Housing Advisory Committee under sec. 101.10, Stats., *Page 311 
and should also function as advisory council to the head of thedepartment and to the administrator of the Division of EqualRights. Any quasi judicial responsibilities vested by law in the former governor's commission were transferred to the commission.
Even though the Equal Opportunities Division may have been performing some tasks with respect to secs. 111.31-111.37, Stats., there was no legislative intent to transfer such functions from the department to the new Equal Rights Division. The Equal Rights Division was assigned the Advisory Committee functions referred to in sec. 111.34, Stats. (1965).
Chapter 327, Laws of 1967, implementing the Kellett Act provided in part:
"15.22 Department of industry, labor and human relations;creation. There is created a department of industry, labor and human relations under the direction and supervision of the industry, labor and human relations commission.
"15.221 SAME; PROGRAM RESPONSIBILITIES. The department of industry, labor and human relations shall have the program responsibilities specified for the department under chs. 101 to 106 and 108 and ss. 45.50 (1), 55.01, 111.33, 111.36, 132.13, 140.53, 140.56, 140.58, 140.59, 146.04, 146.085, 160.09, 160.10,167.10, 167.11 and 167.27. In addition:
"(1) DIVISION OF EQUAL RIGHTS. The division of equal rights shall have the program responsibilities specified for the division under ss. 16.765, 101.60 to 101.62 and 111.34.
"15.223 Same; specified divisions. (1) DIVISION OF EQUAL RIGHTS. There is created in the department of industry, labor and human relations a division of equal rights.
"15.227 Same; councils. (1) EQUAL RIGHTS COUNCIL. There is created in the department of industry, labor and human relations an equal rights council consisting of not to exceed 35 members appointed for staggered 3-year terms. Members shall be appointed from the entire state and shall be representative of all races, creeds, groups, organizations and fields of endeavor. The equal rights council shall advise the industry, labor and human relations commission and the division of equal rights." *Page 312 
Section 72 of ch. 276, Laws of 1969, provided:
"SECTION 72. 15.221 (intro.) and (1) of the statutes are amended to read:
"15.221 (intro.) The department of industry, labor and human relations shall have the program responsibilities specified for the department under chs. 101 to 106 and 108 and ss. 45.50 (1),55.01, 56.21, 66.191, 66.293, 111.33 to 111.36 132.13, 140.53, 140.56, 140.58, 140.59, 146.04, 146.085, 160.09, 160.10, 167.10, 167.11 and 167.27. In addition:
"(1) The division of equal rights shall have the program responsibilities specified for the division under ss. 16.765,101.60 [to]* and 101.62 [and 111.34]*."
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
The duties specified in (1) are the only duties assigned by law to the Equal Rights Division.
Chapter 185, Laws of 1971, renumbered sections of ch. 101, Stats., but is not material here.
My conclusion as to your first question is strengthened by the fact that Assembly Bill 1548 (1971), introduced at the request of the Department of Industry, Labor and Human Relations, failed passage. That bill would have changed the name of the department, placed it under a secretary rather than a commission, abolished the statutory Division of Equal Rights and made the department directly responsible for the functions of the Division of Equal Rights.
While I have concluded that the commission cannot unilaterally abolish the Division of Equal Rights and cannot reallocate, to a separate division, duties or functions assigned by statute, limited reorganization is possible if compliance with budgetary and civil service requirements are met and gubernatorial approval secured. If the head of such division agreed without coercion, the commission could assign other duties and functions assigned to the department to such division provided they are not in conflict with and would not interfere with the regular duties and functions assigned to the division by law. Additional assignments could not be so extensive as to preclude the Division of Equal Rights from full and timely exercise of its regular duties and functions assigned by law. A *Page 313 
state agency cooperation agreement under sec. 20.901, Stats., could provide details of management, necessary extra staff and budget. Limited name variance would be permissible to reflect the additional functions provided the words "Division of Equal Rights" are utilized. As to duties required by law to be exercised by the Division of Equal Rights, primary and independent control would have to remain in the division administrator by reason of secs. 15.03, 15.04 (1), Stats.
RW:RJV